### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEHMAR GLADDEN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *ET AL.*, | : | NO.   21-4986 |
| | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendants' Motion to Produce Phone Call Recordings of Jehmar Gladden (ECF No. 28), it is hereby **ORDERED** and **DECREED** that the Pennsylvania Department of Corrections, through the Office of the General Counsel for Corrections, shall produce all phone call recordings for Jehmar Gladden, DY2760, in response to the April 6, 2022 subpoena served on it by Defendants the City of Philadelphia, Detective James Hughes, and Detective Thomas Kane.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEHMAR GLADDEN,** | : | |
|                       **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *ET AL.***,** | : | **NO.   21-4986** |
| | : | |
|                       **Defendants.** | : | |

**DEFENDANTS' MOTION TO PRODUCE
PHONE CALL RECORDINGS OF JEHMAR GLADDEN**

Defendants City of Philadelphia, Detective James Hughes, and Detective Thomas Kane ("Defendants"), by and through their undersigned counsel, hereby file this Motion to Produce Phone Call Recording of Jehmar Gladden and states in support thereof:

1. Plaintiff Jehmar Gladden has filed a civil action against Defendants, alleging violations of his federal civil rights.

2. Following his conviction on May 24, 1999, Plaintiff was incarcerated within the Pennsylvania Department of Corrections System.

3. On March 28, 2022, Defendants provided notice of a subpoena to the Pennsylvania Department of Corrections to be issued on April 4, 2022, or as soon thereafter as served may be effectuated to Plaintiff requesting that Plaintiff state any objections. *See* Letter to K. Harden from K. Mays, Mar. 28, 2022, attached as Exhibit A.

4. Plaintiff did not state any objections.

5. On April 6, 2022, Defendants subpoenaed recordings from the Pennsylvania Department of Corrections System related to Plaintiff. *See* Subpoena, attached as Exhibit B.

1

6. The Office of General Counsel for Corrections has responded that it requires a court order to produce recordings. *See* Email from C. Defelice, Esq., Apr. 6, 2022, attached as Exhibit C. *See also* 18 Pa. Stat. Ann. § 5704(13)(C) ("The contents of an intercepted and recorded oral communication, electronic communication or wire communication shall be divulged only as is necessary to safeguard the orderly operation of the facility, ***in response to a court orde****r* or in the prosecution or investigation of any crime.") (emphasis added)).

7. Defendants respectfully request that this Honorable Court issue the proposed order requiring the production of the call recordings as identified in the Subpoena.

WHEREFORE, Defendants request that this Court enter an Order in the form proposed.

Date: April 8, 2022Respectfully submitted,

*/s/* Katelyn Mays_____
Katelyn Mays, Esquire
Assistant City Solicitor
Pa. Attorney ID No. 324246
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434
Katelyn.mays@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEHMAR GLADDEN,** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *ET AL.***,** | : | NO.   21-4986 |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Defendants' Motion to Produce Phone Call Recordings of Jehmar Gladden has been filed on ECF and is available for viewing and downloading.

Date:  April 8, 2022                     Respectfully submitted,

                        */s/ Katelyn Mays*
                        Katelyn Mays

# EXHIBIT A



**CITY OF PHILADELPHIA**

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Katelyn L. Mays
Assistant City Solicitor
Civil Rights Unit
14th Floor
215-683-5434 (office)
Katelyn.mays@phila.gov

March 28, 2022

<u>**VIA EMAIL**</u>
Kevin Harden, Esq.
Ross Feller Casey, LLP
One Liberty Place
1650 Market St., 34th Floor
Philadelphia, PA 19103
kharden@rossfellercasey.com

      RE:    Jehmar Gladden v. City of Philadelphia, et al., Civil Action No. 21-4986
             Notice of Subpoena Duces Tecum

Dear Mr. Harden:

Please accept this correspondence as prior notice under Federal Rule of Civil Procedure 45(a)(4) of my intent to serve the enclosed subpoena on the Office of the General Counsel for Corrections, c/o Chase Defelice, Esq., on April 4, 2022, or as soon thereafter as service may be effectuated.

I have also attached an authorization form for Mr. Gladden. I am requesting Mr. Gladden execute the form, which will likely facilitate a response to the subpoena.

If you have any objections to the subpoena, please notify me and lodge them with the Court prior to April 4, 2022.

                                     Regards,

                                     */s/ Katelyn L. Mays*
                                     Katelyn L. Mays

Enclosures

**EXHIBIT B**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  | 10:00 AM on April 25, 2022 |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

      ❐ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true.

Date: _____

                                                                 *Server's signature*

                                                                 *Printed name and title*

                                                                   *Server's address*

Additional information regarding attempted service, etc.:

Case 2:21-cv-04986-MAK   Document 28   Filed 04/08/22   Page 10 of 15

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **SCHEDULE A**

You are directed to reproduce (1) Any and all documents concerning inmate housing dates and locations (*e.g.*, housing logs, lock & track); (2) Visitation logs; (3) Call logs; and (4) Call recordings as to the following individuals:

1. Terrence Lewis, DOB 10/11/1978
2. Jimel Lawson, DOB 1/19/1975
3. Kizzi Baker, DOB 5/14/1977
4. Taneesha Thornton, DOB 3/24/1983
5. Lena Laws, DOB 2/19/1960

Additionally, please provide any and all documents and/or recordings, including but not limited to the above-identified categories, disciplinary records, medical records and mental health records for Jehmar Gladden, DOB 12/30/1977, DOC No. DY2760.

# EXHIBIT C

| | |
|---|---|
| **From:** | Defelice, Chase |
| **To:** | Katelyn Mays |
| **Cc:** | Danielle Walsh |
| **Subject:** | RE: Jehmar Gladden v. City of Philadelphia, 21- 4986 Notice of Subpoena |
| **Date:** | Wednesday, April 6, 2022 2:26:07 PM |

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Kate,

I am in receipt of the subpoena and the release. I previously advised that we require a court order to disseminate recordings pursuant to the wiretap act. I will ask that the staff members begin pulling the requested information in anticipation of a court order.

```
    (13)  An investigative officer, a law enforcement officer
or employees of the Department of Corrections for State
correctional facilities to intercept, record, monitor or
divulge any oral communication, electronic communication or
wire communication from or to an inmate in a facility under the
following conditions:

    (i)  The Department of Corrections shall adhere to the
following procedures and restrictions when intercepting,
recording, monitoring or divulging any oral communication,
electronic communication or wire communication from or to an
inmate in a State correctional facility as provided for by this
paragraph:

    (A)  Before the implementation of this paragraph, all
inmates of the facility shall be notified in writing that, as
of the effective date of this paragraph, their oral
communication, electronic communication or wire communication
may be intercepted, recorded, monitored or divulged.

    (B)  Unless otherwise provided for in this paragraph, after
intercepting or recording an oral communication, electronic
communication or wire communication, only the superintendent,
warden or a designee of the superintendent or warden or other
chief administrative official or his or her designee, or law
enforcement officers shall have access to that recording.

    (C)  The contents of an intercepted and recorded oral
communication, electronic communication or wire communication
shall be divulged only as is necessary to safeguard the orderly
operation of the facility, in response to a court order or in
the prosecution or investigation of any crime.

    (ii)  So as to safeguard the attorney-client privilege, the
Department of Corrections shall not intercept, record, monitor
or divulge an oral communication, electronic communication or
wire communication between an inmate and an attorney.

    (iii)  Persons who are engaging in an oral communication,
electronic communication or wire communication with an inmate
```

```
shall be notified that the communication may be recorded or
monitored. Notice may be provided by any means reasonably
designed to inform the noninmate party of the recording or
monitoring.

     (iv)  The Department of Corrections shall promulgate
guidelines to implement the provisions of this paragraph for
State correctional facilities.
```

Please let me know if you have any questions or concerns.

Chase


**Chase M. Defelice | Deputy Chief Counsel for Inmate Litigation**
**Office of General Counsel | Department of Corrections**
**1920 Technology Parkway | Mechanicsburg, PA  17050**
**Phone: 717.728.7763| Fax: 717.728.0312**
**www.cor.pa.gov**

PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION ATTORNEY WORK PRODUCT

The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers.  Unintended transmissions shall not constitute waiver of the attorney-client or any other privilege.

---

**From:** Katelyn Mays <Katelyn.Mays@phila.gov>
**Sent:** Wednesday, April 6, 2022 12:35 PM
**To:** Defelice, Chase <chdefelice@pa.gov>
**Cc:** Danielle Walsh <Danielle.Walsh@phila.gov>
**Subject:** Jehmar Gladden v. City of Philadelphia, 21- 4986 Notice of Subpoena

Mr. Defelice,

Attached please find a subpoena for documents in the above-captioned case with attached Exhibit A as well as a release of medical records signed by Jehmar Gladden.  Please let me know if this is sufficient or whether you need service by another manner.

Thank you,
Kate

Katelyn L. Mays
Assistant City Solicitor

Law Department, Civil Rights Unit

City of Philadelphia

1515 Arch Street, 14th Floor

Philadelphia, PA 19102-1595

215 683 5434 (office)

267 240 4761 (cell)

Katelyn.mays@phila.gov